# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SIDNEY RAYNARD GENTRY,

      Plaintiff,

v.                                                   Case No. 23-CV-752

DEPUTY WARDEN JASON BENZEL
and JOHN AND JANE DOE OFFICERS,

      Defendants.

## ORDER

Plaintiff Sidney Raynard Gentry, who is confined at Dodge County Detention Facility and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) On July 28, 2023, the court screened Gentry's complaint and found that it failed to state a claim upon which relief may be granted. (ECF No. 7.) The court gave Gentry an opportunity to amend his complaint. On August 30, 2023, Gentry filed an amended complaint. This order screens his amended complaint.

The court has jurisdiction to screen the complaint in light of Gentry's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

# SCREENING OF THE AMENDED COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the

United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Gentry's Allegations*

Gentry alleges that on April 25, 2023, at approximately 10:50 a.m., he was climbing up to his bunk and it collapsed. (ECF No. 8 at 4.) He was rendered unconscious and was taken to an off-site hospital. (*Id.*) He suffered a head injury and is still suffering from a back injury as a result of the fall. (*Id.*) He asserts that the John and Jane Doe officers were supposed to undertake daily security checks, which included ensuring that cells are properly maintained. (*Id.* at 3.) He states these officers failed to notice that his bunk was clearly not secured to the ground. (*Id.*) He states that these officers were under the leadership of Deputy Warden Jason Benzel, and he failed to properly train them. (*Id.*)

*Analysis*

Gentry claims his rights were violated because the defendants failed to ensure that the bunk was properly attached to the ground. The Eighth Amendment "protects prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain.'" *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "A § 1983 claim based upon a

3

violation of the Eighth Amendment has both an objective and subjective element: (1) the harm that befell the prisoner must be objectively, sufficiently serious and a substantial risk to his or her health or safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to the prisoner's health and safety." *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006).

Gentry sufficiently alleges that his bunk was noticeably dangerous and that the state of his bunk was so obvious that the John and Jane Doe defendants were deliberately indifferent to the bunk's condition. Thus, he may proceed on an Eighth Amendment claim against the John and Jane Doe defendants.

However, he may not proceed on an Eighth Amendment failure-to-train claim against Deputy Warden Benzel. "[F]ailure to train claims are usually maintained against municipalities, not against individuals, and, in the Eighth Amendment context, such claims may only be maintained against a municipality." *Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005) (citing *Sanville v. McCaughtry*, 266 F.3d 724, 739-40 (7th Cir. 2001)). Additionally, § 1983 "does not authorized supervisor liability." *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Supervisors can be held liable for constitutional violations caused by their employees only where the violation happens at the supervisor's direction or with the supervisor's knowledge and consent. *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). In other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. Gentry does not allege that Benzel was aware that the John and Jane Doe defendants were not fixing the bunk.

4

However, because Gentry does not know the name of the John and Jane Doe defendants, the court will retain Benzel as a defendant for the limited purpose of helping Gentry identify the names of the Doe defendants. *See Donald v. Cook County Sheriff's Dept.,* 95 F.3d 548, 556 (7th Cir. 1996). Benzel does not have to respond to the complaint. After Benzel's attorney files an appearance, Gentry may serve discovery on Benzel to get information that will help him identify the name of the Doe defendants. Benzel does not have to answer discovery on any other topic. After Gentry learns the name of the Doe defendants, he must file a motion identifying their names. The court will then dismiss Benzel as a defendant.

Gentry must identify the name of the John or Jane Doe defendants within 60 days of Benzel's attorney appearing in the case. If he does not do so, or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. Civil L.R. 41(c).

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Deputy Warden Jason Benzel remains a defendant for the limited purpose of helping Gentry identify the John or Jane Doe defendants.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on Deputy Warden Jason Benzel. It is **ORDERED** that, Benzel does not have to respond to the complaint; however, he shall respond to discovery requests that

5

Gentry serves in an effort to identify the Doe defendants' names. Benzel does not have to respond to discovery requests about any other topic.

**IT IS FURTHER ORDERED** that Gentry must identify the Doe defendants' real names within 60 days of Benzel's attorney filing an appearance in this case. If Gentry does not identify the Doe defendants' names by the deadline or advise the court why he is unable to do so, the court may dismiss this case based on his failure to diligently prosecute it.

Dated at Milwaukee, Wisconsin this 21st day of September, 2023.

BY THE COURT

_William E. Duffin_
WILLIAM E. DUFFIN
United States Magistrate Judge