UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SIDNEY RAYNARD GENTRY,

    Plaintiff,

v.                              Case No. 23-CV-752

JOHN DOE, *et al.*,

    Defendants.

**ORDER**

On December 29, 2023, *pro se* plaintiff Sidney Raynard Gentry filed a motion to compel requesting the court to order the defendant, Warden Jason Benzel[1], answer his interrogatories regarding the identities of the John and Jane Doe defendants. (ECF No. 16.) Gentry sent two interrogatories, one requesting a list of officers on duty from April 1, 2022, through April 25, 2022, and one requesting a list of maintenance staff (it's unclear whether it is for the same period; Gentry did not provide the court with the interrogatories with his motion).

Benzel responded to the motion, asserting that Gentry failed to meet and confer as required by Federal Rule of Civil Procedure 37 (a). Benzel also stated that Gentry's original request for a list of officers on duty was overly broad, so he

---

[1] Benzel was named as a defendant for the sole purpose of identifying the Doe defendants.

responded with the names of the officers on duty for the week prior to the incident. (ECF No. 17.) In reply, Gentry concedes that Benzel sufficiently answered that interrogatory. (ECF No. 19.)

Regarding the second interrogatory, Benzel argues that the court allowed Gentry to proceed on claims only against John and Jane Doe officers, not maintenance officials. The court acknowledges that its order screening the amended complaint did state "John and Jane Doe Officers" as a shorthand label for those staff members who were obligated to make security checks, including whether the bunk was attached to the wall. (ECF No. 9 at 3.) However, in reviewing Gentry's amended complaint, he alleges that "Correctional Staff" failed to ensure the bunk was properly secured to the wall. (ECF No. 8 at 3-4.) The court clarifies its screening order—the John and Jane Doe defendants label applies to all Correctional Staff that were responsible for ensuring the bunk was secured to the wall in April 2022.

The court notes that Gentry filed a second motion to compel (ECF No. 20), requesting that the court order Benzel to provide first and last names of the officers on the duty list. These are the types of issues that could have been resolved had Gentry contacted Benzel's attorney as required by Fed. R. Civ. P. 37(a). Thus, the court will deny both of these motions and direct Gentry to contact Benzel's attorney to confer about providing the first names and providing the names of relevant maintenance staff. If after Gentry has made a reasonable effort to meet and confer with Benzel's attorney he is still not satisfied with the information provided, he may refile his motion to compel.

2

Case 2:23-cv-00752-WED   Filed 02/15/24   Page 2 of 3   Document 21

.

**IT IS THEREFORE ORDERED** that Gentry's motions to compel (ECF Nos. 16 and 20) are **DENIED.**

Dated in Milwaukee, Wisconsin this 15th day of February, 2024.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge

3

Case 2:23-cv-00752-WED    Filed 02/15/24    Page 3 of 3    Document 21